UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIYA, INC.,

                        Plaintiff,

  -against-

STEVEN MADDEN, LTD. and JOHN DOE 1-10,

                        Defendants.
----------------------------------------------------------------X

**ORDER**
15-CV-1272 (DRH)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court is Plaintiff Eliya, Inc.'s ("Plaintiff" or "Eliya") motion to amend its Complaint pursuant to Fed. R. Civ. P. 15(a). *See* Docket Entry ("DE") [27]. Defendant Steven Madden, Ltd. ("Defendant" or "Madden") opposes the motion. *See* DE [28]. For the reasons set forth herein, Plaintiff's motion is granted.

**I.    BACKGROUND**

By way of a Complaint dated March 11, 2015, Plaintiff commenced this trademark infringement action, alleging causes of action for: (i) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (ii) common law unfair competition; and (iii) violation of N.Y. Gen. Bus. Law § 349. *See* DE [1]. According to Plaintiff, it designed and created a line of shoes with a unique trade dress, which it promotes and sells under its "BERNE MEV®" brand. *See* Compl. ¶ 10. Specifically, Plaintiff alleges that it has rights in the overall look and specific features of shoes named the "Lulu Sneaker," the "Lulu Sneaker (2)," the "Comfi Mary Jane Sneaker," and the "Comfi Mary Jane Sneaker

1

(2)" (collectively, "Eliya's Shoes").[1]  *Id.* at ¶¶ 10-15.  According to Plaintiff, the trade dress in Eliya's Shoes "acquired distinctiveness through secondary meaning such that consumers are likely to associate the source of such products with Plaintiff."  *Id.* at ¶ 13.  Plaintiff further alleges that the trade dress of Eliya's Shoes "has acquired enormous value and recognition in the United States" and "is well known to the consuming public and the trade as identifying and distinguishing Plaintiff as the exclusive and unique source of shoes that use such trade dress."  *Id.* at ¶ 14.  According to Plaintiff, Madden profited by copying the trade dress of Eliya's Shoes.  *Id.* at ¶ 12.  Specifically, in or about February 2014, Plaintiff became aware that Madden was selling "direct knock-offs" of Eliya's Shoes.  *Id.* at ¶ 16.  Accordingly, on February 27, 2014, Plaintiff sent Defendant a letter demanding that it immediately cease and desist from selling the allegedly infringing shoes.  *Id.* at ¶ 17.

Plaintiff now seeks to file an Amended Complaint in order to:  (i) add allegations regarding the trade dress, and Defendant's alleged infringement thereof, of two other lines of shoes Eliya manufactures; and (ii) name Madden's unidentified supplier (the "Supplier") as a defendant for its alleged contributory infringement of Plaintiff's trademarks in violation of Section 43(a) of the Lanham Act.[2]  *See* Proposed Amended Complaint (the "PAC"), DE [27-2], ¶¶ 11(e), 11(f), 38-43.  According to Plaintiff, Madden's Supplier is liable for contributory trademark infringement

---

[1] In the Proposed Amended Complaint, the names of the shoes identified in the Complaint are changed to Lulia, Lulia (2), Comfi, and Comfi (2), respectively.  *See* PAC ¶¶ 11, 12.

[2] In the Proposed Amended Complaint, Plaintiff has withdrawn its claim for violation of N.Y. Gen. Bus. Law § 349, and has added a claim for violation of N.Y. Gen. Bus. Law § 360-*l*.  *See* PAC ¶¶ 33-37.  Defendant does not oppose this amendment.

2

because it sold "knock-offs" of Eliya's Shoes to Madden despite the fact that it knew or had reason to know that "the shoes it was manufacturing for sale to Madden and/or supplying to Madden infringed Plaintiff's trade dress in the Shoes . . . ." *Id.* at ¶ 39. According to Eliya, Madden's Supplier is a necessary party to this action pursuant to Fed. R. Civ. P. 19(a) because its absence will preclude Plaintiff from obtaining complete relief as provided for by the Lanham Act. *See* Memorandum of Law of Plaintiff Eliya, Inc. in Support of its Motion to Amend the Complaint ("Pl.'s Mem."), DE [27-1], at 22-23.

Defendant opposes Plaintiff's motion insofar as Plaintiff seeks to add Madden's Supplier as a defendant. *See* Defendant Steven Madden, Ltd.'s Opposition to Plaintiff Eliya Inc.'s Motion to Amend the Complaint ("Def.'s Opp'n"), DE [28], at 2-3. According to Defendant, the proposed amendments concerning Madden's Supplier are futile because: (i) Plaintiff cannot amend its Complaint to name Madden's unidentified supplier as a defendant; and (ii) the PAC fails to state a claim for contributory trademark infringement against Madden's Supplier. *See id.* at 3-11. Defendant also argues that, contrary to Plaintiff's assertion, Madden's Supplier is not a necessary party because its profits are not recoverable by Plaintiff. *Id.*

## II. LEGAL STANDARD

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice

3

so requires and such leave is in the court's discretion.") (internal quotation omitted). Courts interpret Fed. R. Civ. P. 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Motions to add parties are governed by Fed. R. Civ. P. 21, and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see also* Fed. R. Civ. P. 21; *Amaya*, 285 F.R.D. at 253 ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

An amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F.

4

Supp. 2d 378, 383 (E.D.N.Y. 2011). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). When a party opposes a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation omitted). On a motion to amend, "the Court is required to accept the material facts alleged in the amended complaint as true and draw reasonable inferences in the plaintiff's favor." *Mendez*, 2 F. Supp. 3d at 451 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949 (2009)).

### III. DISCUSSION

Here, Defendant objects to Plaintiff's motion solely on the grounds that the proposed amendments concerning Madden's Supplier are futile. *See* Def.'s Opp'n at 3-11. According to Madden, Plaintiff's proposed amendments are untenable because: (i) the allegations in the PAC fail to state a claim against Madden's Supplier for contributory trademark infringement; and (ii) even if the allegations stated a claim, Plaintiff is unable to name an unidentified supplier as a defendant. *Id.* Neither argument warrants denial of Plaintiff's motion to amend.

## A. Whether the Proposed Amended Complaint States a Claim for Contributory Trademark Infringement

The Supreme Court established the applicable standard for contributory trademark infringement in *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 102 S. Ct. 2182 (1982). The Court held:

> [I]f a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorily responsible for any harm done as a result of the deceit.

*Inwood*, 456 U.S. at 854, 102 S. Ct. at 2188; *see also Display Producers, Inc. v. Shulton, Inc.*, 525 F. Supp. 631, 633 (S.D.N.Y. 1981) ("Courts have uniformly recognized that a person can be liable under the Lanham Act even though that person was not directly responsible for placing the infringing goods in commerce.").

Knowledge of the direct infringement is "an essential element of contributory infringement." *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959, 2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009). The knowledge may be actual or constructive. *See Steinway, Inc. v. Ashley*, No. 01 Civ. 9703, 2002 WL 122929, at *1 (S.D.N.Y. Jan. 29, 2002) (holding that contributory infringement "occurs when a defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe that mark"); *see also Sorenson v. Wolfson*, 96 F. Supp. 3d 347, 367 (S.D.N.Y. 2015) ("For contributory infringement, constructive knowledge of the direct infringement is sufficient."); *Polo Ralph Lauren Corp. v. Chinatown Gift Shop*, 855 F. Supp. 648, 650 (S.D.N.Y. 1994)

("[T]he company could be liable if it sold its products to retailers whom they knew or had reason to know were engaging in infringing practices.") (internal quotation omitted).

Here, Plaintiff adequately alleges that Madden's Supplier knew or should have known that it was selling to a retailer that was engaging in infringing practices. According to Plaintiff, its shoes have been in commerce since as early as January 2011, and "have been extensively advertised and promoted, and widely sold and distributed." PAC ¶¶ 11, 15. Accordingly, Eliya alleges that its shoes' "trade dress is well known to the consuming public and the trade as identifying and distinguishing Plaintiff as the exclusive and unique source of shoes that use such trade dress." *Id.* at ¶ 19. Plaintiff further alleges that the Madden's Supplier "intentionally induced Madden to purchase the Shoes, and despite knowing or having reason to know the shoes it was manufacturing for sale to Madden and/or supplying to Madden infringed Plaintiff's trade dress in the shoes . . . continued to sell knock-offs of the Shoes to Madden." *Id.* at ¶ 39. Finally, Plaintiff alleges that Madden's Supplier "had and continues to have the right and ability to control the infringing activity of Madden by not manufacturing and/or selling Madden the knock-off shoes . . . ." *Id.* at ¶ 41. These facts, accepted as true, are sufficient at this stage to establish that Madden's Supplier knew, or had reason to know, that it was supplying materials to a direct infringer of Eliya's trademarks. *See Steinway*, 2002 WL 122929, at *2 (denying motion to dismiss because the "Plaintiffs might be able to prove that Defendants supply [the infringing

7

goods] to people that they know or have reason to know are using those [goods] to infringe" the plaintiff's marks).

In opposition, Defendant argues that, "Plaintiff fails to allege how Madden's Supplier could possibly have known that Plaintiff claims to have any trade dress rights which could be infringed." Def.'s Opp'n at 7. However, Plaintiff's allegations that Eliya's Shoes' trade dress is "well known to the consuming public and trade" is sufficient at this stage to create the plausible inference that Madden's Supplier had constructive knowledge of Madden's purported infringement. *See Ranieri v. Adirondack Dev. Grp.*, No. 11-CV-1013, 2016 U.S. Dist. LEXIS 20884, at *78 (N.D.N.Y. Feb. 22, 2016) ("Evidence of actual and constructive knowledge may be found in 'cease-and-desist letters, officer and employee statements, promotional materials, and industry experience.'") (quoting *Smith v. BarndsandNoble.com, LLC*, No. 12-CV-4374, 2015 WL 6681145, at *6 (S.D.N.Y. Nov. 2, 2015)).

Defendant further argues that "without public notice of a trademark or actual notice from Plaintiff, Madden's Supplier would have no means by which to know Plaintiff claims protection of its trade dress." Def.'s Opp'n at 7. Although certain of Plaintiff's trademark applications have been rejected, Plaintiff counters that it "continues to have the right to file (a) a request for reconsideration, and/or (b) an appeal to the Trademark Trial and Appeal Board." *See* Memorandum of Law of Plaintiff Eliya, Inc. in Reply to Defendant's Opposition to Plaintiff's Motion to Amend the Complaint, DE [29], at 6. As such, Eliya argues that "the matter of registration, albeit unessential to Eliya's claims, is far from settled," and that it "continues to

8

retain common law rights which both Madden and [Madden's Supplier] had notice of." *Id.*; *see also Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir. 1997) ("Section 43(a) may protect unregistered trademarks from infringement, and even offers a degree of protection from unfair competition for 'unregisterable marks,' such as generic words that have acquired significant secondary meaning."). Therefore, even in the absence of a registered trademark, Plaintiff adequately alleges that it has trademark rights of which Madden's Supplier would be plausibly aware.

Based on the foregoing, Defendant has not met its burden in showing that Plaintiff's proposed amendments are futile with respect to the issue of Madden's Supplier's knowledge concerning Eliya's rights.[3]

### B. Whether Plaintiff May Name Madden's Unidentified Supplier as a Defendant

Defendant further argues that Plaintiff may not amend its Complaint to add an unnamed defendant. *See* Def.'s Opp'n at 3-5. Although Defendant acknowledges that "CPLR 1024 allows 'Jane Doe' pleading," it argues that "Plaintiff makes no allegation that it has made any diligent attempt at determining the accused shoe's

---

[3] The Court notes that, although it does not affect the outcome of the instant motion, Plaintiff's argument that Madden's Supplier is a necessary party pursuant to Fed. R. Civ. P. 19 is unavailing. Fed. R. Civ. P. 19 provides in relevant part that, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). However, it is well-established that "[t]he term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Cmty. Health Care Ass'n of New York v. Mahon*, 106 F. Supp. 2d 523, 530 (S.D.N.Y. 2000). Here, the absence of Madden's Supplier does not preclude Plaintiff from obtaining the relief to which it is potentially entitled pursuant to 15 U.S.C. § 1117(a) as against Madden, which is the only other existing party.

supplier . . . . As such, Plaintiff's request to amend the complaint to add the unnamed defendant should be denied." *Id*. at 4-5.

Defendant's argument misses the mark. A plaintiff's diligence in attempting to identify an unknown party is relevant in determining whether proposed amendments relate back to the initial complaint for purposes of the statute of limitations. *See Urena v. Wolfson*, No. 09-CV-1107, 2011 WL 7439005, at *4 (E.D.N.Y. Aug. 24, 2011) (holding that a proposed amended complaint was futile because the statute of limitations had expired and it did not relate back to the initial complaint); *see also Dominguez v. City of New York*, No. 10 Civ. 2620, 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 27, 2010) (holding that a proposed amendment was futile because the plaintiff's "claims against the newly named [defendants] do not relate back to his original complaint [and] they would not be timely").

Here, Defendant does not argue that Plaintiff's proposed allegations against Madden's Supplier are time barred. Indeed, in light of Plaintiff's allegation that it learned of the alleged infringement in or around February 2014, *see* PAC ¶ 22, the six-year statute of limitations for violations of the Lanham Act has not yet expired. *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 41 F. Supp. 3d 395, 410 (S.D.N.Y. 2014) ("In the Second Circuit, courts apply New York's six-year fraud statute of limitations to Lanham Act claims.") (internal alterations and quotation omitted); *H&R Indus., Inc. v. Kirshner*, 899 F. Supp. 995, 1002 (E.D.N.Y. 1995) ("[T]he policies behind the Lanham Act most closely resemble New York common law fraud, and thus, the six-year statute of limitations will be applied."). Therefore,

Plaintiff's diligence in seeking the identity of Madden's Supplier is not relevant for purposes of the instant motion to amend. *See Miller v. Loibl*, No. 11 Civ. 2182, 2013 WL 967760, at *9 (S.D.N.Y. Mar. 13, 2013) (granting motion to amend, despite the fact that "there was ample information to allow [the plaintiff] to discover this other entity before filing suit"). This is particularly true in light of the fact that Plaintiff would still be able to commence a separate action against Madden's Supplier if leave to amend is denied. *See N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 89 (2d Cir. 2000) ("[W]hen a litigant files consecutive lawsuits against separate parties for the same injury, the entry of a judgment in the prior action does not bar the claims against other potentially liable parties.") (quoting *Cent. Hudson Gas & Elec. Corp. v. Emresa Naviera Santa S.A.*, 56 F.3d 359, 367 (2d Cir. 1995)). Permitting Plaintiff to amend its Complaint avoids such an inefficient outcome. *Kreinik v. Showbran Photo, Inc.*, No. 02 Civ. 1172, 2003 WL 22339268, at *10 (S.D.N.Y. Oct. 14, 2003) ("Allowing all of the claims and counterclaims to be litigated in a single action would avoid unnecessary duplication of effort by counsel, ultimately reduce litigation costs, and save time."); *see also Expoconsul Int'l, Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 339 (S.D.N.Y. 1993) (granting motion to amend where the amendment did not add to the complexity of the case or to discovery, and a separate lawsuit would have resulted in duplicative efforts and might have resulted in consolidation in any event).

Defendant also argues that "Plaintiff's allegation that the unnamed and unknown defendant is subject to the jurisdiction of this court and does business in this district is an egregious example of bad faith pleading and perhaps goes so far as

11

to violate Rule 11." *See* Def.'s Opp'n at 4. However, it is reasonable to assume that Madden's Supplier does business in the Eastern District of New York given Madden's allegations that its own principal place of business is in this district and that it imports its shoes directly from its Supplier. *See* Answer, DE [11], ¶ 2; Declaration of Alan Federbush in Opposition to Plaintiff Eliya Inc.'s Motion to Amend the Complaint, DE [28-1], ¶ 4; *see also Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 293 (E.D.N.Y. 2013) ("[P]roof of one transaction, or a single act, in New York has been deemed sufficient to invoke long-arm jurisdiction even though the defendant never enters New York.") (internal quotation omitted). Accordingly, Madden has failed to carry its burden sufficient to defeat Plaintiff's motion to amend. The Court's decision in this regard, however, is without prejudice to Madden's Supplier's right to challenge this Court's jurisdiction once service is complete.

Based on the foregoing, Plaintiff is not precluded from amending its Complaint to name Madden's unidentified supplier.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion to amend its Complaint is granted. Plaintiff is instructed to electronically file its Amended Complaint on or before March 31, 2016.

| | |
|---|---|
| Dated: Central Islip, New York<br>March 21, 2016 | **SO ORDERED**<br><br>s/ Steven I. Locke<br>STEVEN I. LOCKE<br>United States Magistrate Judge |