UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ELIYA, INC.,

                            Plaintiff,

     -against-

STEVEN MADDEN, LTD., J&l, and
John Doe 1-10.

                           Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 15-1272(DRH)(SIL)

**APPEARANCES:**

**The Law Offices of Tedd S. Levine, LLC**
Attorneys for Plaintiff
1305 Franklin Avenue, Suite 300
Garden City, NY 11530
By:   Tedd S. Levine, Esq.

**Osterlenk Faber LLP**
Attorneys for Defendant
1180 Avenue of the Americas
New York, NY 10036-8403
By:   Douglas A. Miro, Esq.
        Alan Federbush, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court are objections by defendant to the Report and Recommendation, dated February 2, 2017 ("R&R"), of Magistrate Judge Steven I. Locke insofar as it recommends (1) granting plaintiff's motion for leave to file the Second Amended Complaint so as to amend the trade dress claims consistent with the proposed second amended complaint

and (2) denying defendant's motion to strike as moot.[1]

## BACKGROUND

I.     **Relevant Procedural History**

    A.     **The Original Complaint**

Plaintiff, Eliya, Inc. ("plaintiff" or "Eliya"), commenced this trademark infringement action on March 11, 2015, asserting claims of false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051 et seq., as well as state law claims, against defendant, Steve Madden Ltd. ("defendant" or "Madden"). *See* DE 1. According to the original complaint (the "Complaint"), Eliya designed and created a line of shoes that possess a discernable trade dress, in which Plaintiff, therefore, now has rights regarding the overall look and specific features of certain named shoes in that line. *Id*. ¶¶ 10-15. It was alleged that the trade dress in Eliya's shoes "acquired distinctiveness through secondary meaning such that consumers are likely to associate the source of its products with Plaintiff." *Id*. ¶ 13. It further alleged that Madden profited by copying the trade dress of Eliya's shoes by selling "direct knock-offs" of its shoes. *Id*. ¶¶ 12-13, 16.

    B.     **The First Motion to Amend the Complaint**

On October 6, 2015, Eliya sought leave to file an amended complaint adding allegations (1) regarding the trade dress and (2) of infringement regarding two additional lines of shoes, as

---

[1] There have been no objections filed to Judge Locke's Report and Recommendation in so far as it recommended denying plaintiff leave to amend the complaint to add a new count of unjust enrichment. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed that portion of Report and Recommendation for clear error, and finding none, now concurs in its reasoning and its result. Accordingly, to the extent plaintiff's motion sought to amend the complaint to add a claim for unjust enrichment, it is denied.

well as to add Madden's unidentified supplier as a defendant for its alleged contributory infringement. A copy of the proposed amended complaint ("PAC") was attached to the motion. As Defendant opposed the motion only to the extent that it sought to add its supplier as a defendant, that is the only issue that was addressed by the Court when it granted the motion. *See* De 30.

### C. The Filed Amended Complaint

Without seeking any further leave of Court and after the court-ordered deadline set for the amendment of pleadings,[2] Eliya filed an amended complaint that differed markedly from the PAC attached to its motion. The filed amended complaint ("FAC") focused on only three alleged product design trade dresses, to wit, its Lulia, Comfi, and Catwalk shoes, instead of the eight shoes set forth in the PAC. As to each of the three identified shoes, Madden asserts that the trade claims are comprised of elements not previously identified. A comparison of the FAC and the PAC reveals that in the FAC, which contains a more detailed description of previously identified elements as well as additional elements, Eliya is relying on the "overall look" of the shoes as the basis for its claim and no longer asserts that each element is individually protected.

### D. Defendant's Motion to Strike

In response to the FAC, defendant moved to strike the FAC and have this matter dismissed in its entirely, arguing in support of its motion that (1) Eliya filed an unnoticed, unauthorized and substantially modified amended complaint, and (2) Eliya has failed to show good cause for, and Madden would be prejudiced by, the late filing. Eliya opposes defendant's

---

[2] Pursuant to the June 5, 2016 scheduling order entered by Judge Locke, the deadline to amend pleadings was September 25, 2015. *See* DE 18. The FAC was filed on March 31, 2016.

motion asserting that (1) the FAC merely provides supporting details that do not alter the previously pleaded elements of its prima facie case, and (2) it need not show good cause and Madden has not proven actual prejudice.

### E. Plaintiff's Motion for Leave to Amend

After the filing of the motion to strike, Eliya filed a second motion to amend. In addition to relying on the grounds set forth in its opposition to the motion to strike, Eliya asserts that it was acting in good faith, motivated by its receipt of an intervening ruling in the related case of *Eliya Inc. v. Kohl's Corp.,* which necessitated rewriting the PAC to include additional details regarding its trade dress. In *Kohl's*, Judge Bianco dismissed the complaint reasoning that the trade dress claims' reliance on conclusory allegations supported only by photographs without clear specification as to the distinct features that substantiated the protected trade dress failed to state a cognizable infringement claim. *See Eliya, Inc. v. Kohl's Corp.*, 2016 WL 929266, at *7-8 (E.D.N.Y. Feb. 22, 2016), Report and Recommendation, *adopted by* 2016 WL 929321 (E.D.N.Y. Mar. 9, 2016). Accordingly, he directed that if Eliya were to amend its pleading, the trade dress claims would need to be more clearly articulated and additional details provided in order to state a claim under the Lanham Act. *See id*.

### F. Judge Locke's Report and Recommendation

Inasmuch as Eliya's second motion for leave to file an amended complaint was filed long after the court-ordered deadline to do so expired, Judge Locke recognized that the requirement in Federal Rule of Civil Procedure 15 that leave to amend be freely given must be balanced with Rule 16's "good cause" standard. (R&R at 7-8.) With respect to good cause, Judge Locke focused on the "diligence of the moving party," more specifically whether "the pleading is based on

information that the party knew or should have known, in advance of the deadline sought to be extended." (*Id*. at 8.)

Focusing on this standard, Judge Locke reasoned that the determination in *Kohl* that "the trade dress claims' reliance on conclusory allegations supported only by photographs without clear specification as to the distinct features that substantiated the protected trade dress failed to state a [claim] . . . would reasonable cause Plaintiff . . . to amend its similar PAC proactively to address possible concerns regarding Eliya's claims' viability were they to be similarly challenged . . . ." (R&R at 9). As both the *Kohl* Report and Recommendation and the Order adopting it were issued after the deadline to amend in the present case, Judge Locke concluded that "as Eliya could not have known this information prior to the Scheduling order deadline expiring, it constitutes 'good cause' to extend the deadlines to amend the relevant pleadings here." (*Id*.)

Judge Locke also rejected Madden's argument that "Eliya failed to act diligently and in good faith by the filing the FAC after previously attaching and serving the PAC with its prior motion to amend," concluding that (1) the FAC was not filed in violation of the Court's prior order allowing amendment as that order only addressed the issue of joinder of a supplier as a necessary party; (2) the delay of fourteen months between the filing of the original complaint and the FAC was not of sufficient length to demonstrate a lack of diligence; and (3) there was no evidence of a deliberate delay. (R&R at 10-12.)

As there was no claim that the proposed amendment would be futile, Judge Locke then turned to whether permitting the amendment would prejudice Madden and concluded that it would not. (R&R at 14-15.) Madden's claim of prejudice centered "around the possibility that additional discovery could then be necessary and would thus cause further delay and expense for

Defendant." (*Id*. at 15.) Madden contended that discovery would need to be restarted "from scratch because the FAC represents 'completely new trade dress claims.'" (*Id*. at 16 *quoting* Def. Amend. Opp at 9.) Judge Locke rejected this contention stating "[e]ven if this were the case, because the allegedly new claims are substantially related to the same underlying subject matter, the amendments would nevertheless be permissible." (*Id*.) He further noted that Madden's argument was undermined by the facts that the trade dress claim in the FAC was more limited than in the PAC and that it was not, as Madden claimed, a "complete rewrite." (*Id*. at 17-18.) Finally, "whatever perceived prejudice additional discovery might cause can be properly mitigated through scheduling orders and the imposition by the Court of appropriate constraints and guidance to ensure that the matter is ready for dispositive motion practice and/or trial as expeditiously as possible." (*Id*. at 17.)

G.     **Madden's Objections and Eliya's Response**

Madden does not assert that Judge Locke applied the wrong standard in determining whether plaintiff's amendment should be allowed, but rather that he overlooked facts which indicate that the request should have been denied. (Def.'s Obj. at 1.) Specifically, it summarizes its argument as follows:

> The R&R concludes that solely because Eliya had not yet received the Report and Recommendation in a parallel action in this Court - - *Eliya, Inc. v. Kohl's Corp.*, . . . - - dismissing an almost identical complaint to that which Eliya filed here (the "PAC"), "Eliya could not have known this information prior to the Scheduling Order deadline expiring." (DE 48, at 9). However, in view of clear Second Circuit law determining when a plaintiff knew, or should have known, what his trade dress claims are, and the fact that Eliya had actual notice of the deficiencies in its trade dress claims before the deadline to amend, the Magistrate Judge failed to properly apply the standard he set out to the facts of this

> case. In any event, the Court missed a key consideration in that the *Kohl's* dismissal, regardless of when it issued or Eliya learned of it, has no bearing on whether Eliya had "good cause" to further amend its complaint.

(*Id*. at 1-2.)

Eliya asserts that the arguments of Madden are flawed in that "(1) [t]he Amended complaint attached to the most recent motion to amend [viz. the FAC] asserts a description of its trade dress that is consistent with prior pleadings; (2) Eliya did not have cause to include the supplemental verbal explanation of its trade dress until *both* the Kohl's decision was confirmed and this Court granted leave to amend; and (3) there is no prejudice to Madden.

## DISCUSSION

**I.**     **Standard of Review**

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Here, Madden does not challenge the standard used to address Eliya's motion to amend but rather the application of the standard. Accordingly, the Court shall conduct a de novo review of only that portion of the R&R to which objection has been made.[3]

**II.**     **The Report is Adopted**

Upon a de novo review of the record and the law, the Court adopts Judge Locke's thorough and carefully crafted Report in its entirety. In doing so, the Court finds that there is

---

[3] As to the unobjected portions of the R&R, the Court has reviewed them for clear error and finding none, adopts them in full.

good cause to extend the deadline for Eliya to amend and that the amendment will not unduly prejudice Madden.

Madden's argues that "given Second Circuit pleading law" which "required Eliya to plead its trade dress claims by specifying the character and scope of its alleged trade dress" and given that the motion to dismiss in *Kohls* was made prior to the deadline to amend, Eliya "should have added the now sought specificity to its claims . . . prior to the September 25, 2015 deadline to amend," and therefore cannot Eliya cannot establish good cause. (Def.'s Obj. at 7-10.) However, that a party makes a motion to dismiss does not necessarily provide actual notice of deficiencies or require amendment of the relevant pleading. Judge Locke correctly measured Eliya's diligence from the granting of the motion to dismiss in *Kohls* by Judge Bianco and, measured from that date, that its action was not unduly delayed. Moreover, that under the Second Circuit's pleading standard Eliya "knew or should have known, the character and scope of its trade dress claims before it filed its action" (Def.'s Obj. at 5), does not preclude Eliya from establishing good cause. As Eliya persuasively points out, Madden never challenged the description by motion to dismiss, apparently believing that it was properly crafted. (Pl.'s Resp. to Obj. at 1.) Moreover, many of the changes to the description of Eliya's trade dress in the FAC were a verbalization of certain features that were disclosed in images of the shoes contained in the Complaint. Accordingly, the Court agrees with Judge Locke's statement that the *Kohl* determination "would reasonably cause Plaintiff here to amend its similar PAC proactively to address possible concerns regarding Eliya's claims' viability were they to be similarly challenged

. . . ." (R&R at 9.)[4]

With respect to prejudice, Madden asserts that if the amendment is allowed it will have to expend additional resources to conduct further discovery and that the resources it has already expended "would have been for naught." Def.'s Obj. at 13. However, as Judge Locke correctly observed, Madden's assertion is undermined by the following (1) "the allegedly new claims are substantially related to the same underlying subject matter;" (2) the trade dress claims in the FAC are "more limited than in the PAC, dropping to three sets of shoes and relying on the overall look as opposed to each of the individual elements;" (3) any additional discovery will "likely impose a far greater burden on Plaintiff than on Madden;" and (4) any perceived prejudice can be mitigated through scheduling order and Court guidance." R&R at 15-20.

## CONCLUSION

Having considered all the arguments raised in Madden's objections and having reviewed *de novo* those portions of the R&R to which objection was made and findings no error in those portions that were not objected to, the Court adopts Judge Locke's February 2, 2017 Report and Recommendation in its entirety. Accordingly, Plaintiff's motion to amend is granted and Defendant's motion to strike is denied. Plaintiff is directed to file an amended complaint in accordance with this Order within ten (10) days of the date hereof.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      March 30, 2017                            /s/ Denis R. Hurley
                                                              Denis R. Hurley
                                                              United States District Judge

---

[4] Notwithstanding Madden's assertion to the contrary (*see* Def.'s Obj. at 11), the viability of Eliya's claims as stated in the PAC could still have been challenged on a motion for judgment on the pleadings or a motion for summary judgment.