UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELIYA, INC.,

                     Plaintiff,

   -against-

STEVEN MADDEN, LTD., a Delaware
Corporation, J&L, a Peoples Republic of
China Company, and Does 1-10.

                     Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 15-1272 (DRH)(SIL)

**APPEARANCES:**

**The Law Offices of Tedd S. Levine, LLC**
Attorneys for Plaintiff
1305 Franklin Avenue, Suite 300
Garden City, NY 11530
By:    Tedd S. Levine, Esq.

**Amster Rothstein & Ebenstein, LLP**
Attorneys for Defendant Steven Madden, Ltd.
90 Park Avenue
New York, New York 10016
By:    Douglas A. Miro, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court are objections by defendant Steven Madden, Ltd. ("Defendant" or "Madden") to the Report and Recommendation, dated August 19, 2019 ("R&R"), of Magistrate Judge Steven I. Locke recommending that its motion for attorneys' fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), be denied. For the reasons set forth below, the objections are rejected and the motion for attorneys' fees is denied.

1

## BACKGROUND

The background of this case is set forth in the various decisions of this Court, familiarity with which is presumed. A brief summary is set forth below.

### I. The United States Patent & Trademark Office ("USPTO") Proceedings

Plaintiff Eliya, Inc. ("Plaintiff" or "Eliya") began marketing its Lulia, Comfi and Catwalk shoes in 2011 and 2012. Thereafter, in December 2013 it filed application with the USPTO for the Comfi and Lulia shoe designs. On March 28, 2014, the USPTO rejected Plaintiff's applications on the grounds that the trade dress consisted of various functional elements of footwear and nondistinctive product design or nondistinctive features of a product design. Eliya filed responses to that office action. In an August 13, 2014 office action, the USPTO maintained its prior findings. On July 25, 2015, the USPTO issued an Office Action finding the designs were non-distinctive but withdrawing its finding that they were functional. When Eliya did not respond to the final Office Action and its applications were abandoned in February 2016.

While the proceedings before the USPTO were ongoing, Eliya commenced several actions alleging infringement of its trade dress. It is to these actions that the Court turns.

### II. The Corky Litigation

On March 5, 2014, prior to receipt of any office action by the USPTO, Eliya commenced an action against Corky's Footwear, 14-cv-966 (E.D.N.Y.) alleging infringement of the trade dress of its Lulu and Comfy footwear. After the filing of an answer to the complaint, a discovery schedule was entered therein on May 29, 2014. At the request of the parties, the matter was referred to mediation on September 29, 2014. In December 2014, the parties reported to the court that the matter had been settled. After the receiving the court's assistance as to one particular item relating to the settlement, the parties filed a stipulation of dismissal on March 3, 2015.

## II. The Kohl's Litigation

On April 14, 2015, shortly after commencement of the instant action, Eliya commenced an action against Kohl's Corporation,15-cv-2123 (E.D.N.Y.) claiming infringement of the trade dress of its Lulia and Comfi shoes. Eliya's description of its trade dress in the *Kohl's* litigation matched that of its trade dress in the initial complaint filed in this case. On August 7, 2015, shortly after the USPTO issued its final decision, Eliya filed an amended complaint. Thereafter, Kohl's filed a motion to dismiss which was fully briefed on October 12, 2015 and referred by Judge Bianco to Magistrate Judge Brown for a Report and Recommendation. By report dated February 22, 2016, Judge Brown recommended that the motion to dismiss be granted, with leave to replead; that recommendation was adopted by Judge Bianco on March 9, 2016. Eliya filed a second amended complaint on July 3, 2016. Kohl's again moved to dismiss. By letter dated December 14, 2016, the parties advised the court that the matter had been settled and a stipulation discontinuing the action was filed on March 20, 2017.

## III. The Instant Action

Eliya filed the instant action against Madden on March 11, 2015, claiming infringement of the trade dress of its Lulia, Comfi and Catwalk shoes. After receiving an extension of time to respond to the complaint, Madden filed an answer on May 11, 2015. Thereafter a discovery schedule was entered. In October 2015, Eliya filed a motion to amend its complaint to add allegations regarding the trade dress and infringement regarding two additional lines of shoes, as well as to add a claim against Madden's distributor. Madden opposed the motion only to the

extent that it sought to add its supplier as a defendant and that was the only issue addressed by the court in granting leave to amend.

Without seeking further leave of Court, on March 31, 2016, Eliya filed an amended complaint that differed markedly from the proposed amended complaint attached to its motion. The filed amended complaint focused only on the product design trade dresses of the Lulia, Comfi, and Catwalk shoes. Also, it contained a more detailed description of previously identified elements as well as additional elements, with Eliya relying on the "overall look" of the shoes as the basis for its claim and no longer asserting that each element is individually protected. Madden filed a motion to strike arguing in support of its motion that (1) Eliya filed an unnoticed, unauthorized and substantially modified amended complaint, and (2) Eliya has failed to show good cause for, and Madden would be prejudiced by, the late filing. Madden did *not* argue that the proposed amendment would be futile. Judge Locke recommended granting Eliya leave to amend and denying Madden's motion to strike; this Court adopted the recommendation over the objections of Madden. Among other things, this Court agreed with Judge Locke's statement that the *Kohl's* determination "would reasonably cause Plaintiff here to amend its similar PAC proactively to address possible concerns regarding Eliya's claims' viability were they to be similarly challenged" either by way of a motion for judgment on the pleadings or a motion to dismiss.

On April 5, 2017, Eliya filed its amended complaint; thereafter Madden moved to dismiss. Judge Locke recommended granting the motion and this Court adopted the recommendation over Eliya's objection. The Second Circuit affirmed the dismissal. Thereafter the instant motion was filed.[1]

---

[1] After the entry of judgment by the Clerk of Court dismissing the action, Madden requested leave to file a motion for attorneys' fees. By Order dated March 29, 2018, the Court set a briefing schedule to take effect if no notice of

4

**IV.     Madden's Motion for Attorneys' Fees**

In its motion for attorneys' fees, Madden argues that Eliya's trade dress infringement claims were not substantively strong. According to Madden, Eliya was "repeatedly told that its trade dress claims were baseless by multiple fora," i.e. the USPTO, the *Kohl's* court, this Court and the Second Circuit – demonstrating the weakness of its claim. Nonetheless Eliya "brazenly pressed forward." (Def. Attys Fees Mem at 1-2.) It also maintained that attorneys' fees should be awarded to it as Plaintiff's litigation tactics – filing "different versions of its complaint over the course of this case, attempting to see which alleged trade dress would stick" were unreasonable. (Id. at 22.)

**V.     Standard for Award of Attorneys' Fees Pursuant to § 35(a) of the Lanham Act**

The Lanham Act provides courts with discretion to award attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir. 2018). Courts have "broad discretion" in determining whether a case is exceptional. *See Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 470 (S.D.N.Y. 2017). Included among the "wide variety" of factors considered are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Sleepy's*, 909 F.3d at 530 (internal quotation marks omitted).

---

appeal was filed but held that if a notice of appeal was filed, a briefing schedule would be set upon determination of the appeal if appropriate.

A party seeking attorneys' fees under the Lanham Act must establish its entitlement to such fees by a preponderance of the evidence. *See Octane Fitness*, 572 U.S. at 557-58. "Although *Octane* reduced the showing required for an award on the ground of objective baselessness, courts continue to hold claims of baselessness to a high bar .... [W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Small v. Implant Direct Mfg. LLC*, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014), *aff'd*, 609 F. App'x 650 (Fed. Cir. 2015).

## VI.  Judge Locke's R & R

Applying the exceptional case standard set forth in *Octane Fitness* and *Sleepy's* Judge Locke first addressed the substantive strength of Plaintiff's claims after setting forth the relevant background vis a vis the USPTO proceedings, the instant case, and the *Kohl's* and *Corky's* litigation. (R & R at 7-9.) As for the USPTO proceedings, Judge Locke concluded that the rejection of Eliya's trade dress application indicated that the claims were weak, "it does not, by itself, lead inevitably to the conclusion that its claims were frivolous or objectively baseless" as USPTO decision are not precedential. (*Id*. at 10-11 (internal quotation marks and citations omitted).) Similarly, he concluded that the dismissal of the *Kohl's* action did not demonstrate the substantive weakness of Plaintiff's trade dress claims given that although Judge Brown urged Plaintiff to carefully consider whether there was a good faith basis to amend the complaint, he nevertheless recommended that leave to amend be granted. As such, the dismissal of the Kohl's amended complaint merely demonstrated "that while Plaintiff's pleadings were initially inadequate to state a claim . . . there remained a possibility that a viable claim may yet exist and be properly pleaded in an amended complaint." (*Id*. at 13.) Finally, Judge Locke noted that the

trade dress infringement claims in this case were the same that Eliya brought against both Corky's and Kohl's, which resulted in settlements, apparently in Plaintiff's favor. (*Id.*)

Turning to Eliya's litigation tactics, Judge Locke recognized that although inefficiencies resulted from it moving to amend based on one proposed pleading and then filing a pleading different from the court-approved one, it did not meet the standard typically relied upon to justify a fee award and found Eliya's efforts to assert a plausible claim by filing several amended complaint was nothing more that zealous advocacy. Nor did the two lawsuits (*Corky's* and *Kohl's*) rise to the level of serial litigation that has resulted in admonishments.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Unobjected to portions of a report and recommendation are reviewed for clear error. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

### III. Madden's Objections

Madden objects to the R&R asserting that the Magistrate Judge erred in recommending denial of its motion based on his finding that the claims of plaintiff Eliya Inc. ("Plaintiff" or "Eliya") did not lack substantive strength such that they were frivolous or objectively baseless. Specifically, Madden asserts that (1) the R&R's finding that Eliya did not relitigate issues is clearly erroneous; (2) the R&R erroneously focused on the TM's rejection and failed to consider that Eliya unreasonably pressed on after the *Kohl*'s decision; and (3) that it failed to address the

specific holdings in *Kohl's* and in this case and how they establish Eliya's claim had no substantive strength. Madden does not object to the R & R insofar as Judge Locke concluded that Eliya's litigation tactics did not render this case exceptional.[2] Accordingly, only that portion of the R & R addressing the substantive strength of Eliya's claims will be reviewed *de* novo.

### III. The Objections are Rejected and the Court Adopts the R & R

Madden's first objection is based on its argument that Eliya relitigated positions rejected by the *Kohl's* court. A review of both Judge Locke's R & R on the motion to dismiss (DE 63) (the MTD R&R) and this Court's Order adopting the R & R (DE 68) (the "MTD Order") over the objection of Eliya reveals otherwise.

Although the initial complaints both in this case and in *Kohl's* were nearly identical, the motion to dismiss addressed by Judges Brown and Bianco in *Kohl's* was with respect to a complaint that differed from the one addressed by this Court in the motion to dismiss. For example, as Judge Locke noted numerous times in his MTD R&R, the first amended complaint in this action included numerous allegations that were absent from the amended complaint addressed by the *Kohl's* court. (*See, e.g.,* DE 63 at 13, 14, 15.) While Judge Locke referenced the *Kohl's* decisions in concluding that the additional allegations did not survive the motion to dismiss, it is a red herring to say that Eliya relitigated the same positions rejected by the *Kohl's* court. After receipt of the *Kohl's* decision, Eliya filed an amended complaint in this case which contained numerous allegations absent from the complaint rejected in *Kohl's*. As Judge Locke aptly noted in the R & R:

> [T[he dismissal of the Kohl's complaint [does not] demonstrate[] the substantive
> weakness of Plaintiff's trade dress claims against Madden. Defendant argues that
> by filing the FAC in this action, which contained "essentially the same" trade
> dress descriptions as those which the Kohl's court had rejected, Eliya knew it

---

[2] Having reviewed the unobjected to portion of the R & R concluding that Eliya's litigation tactics did not render this case exceptional for clear error and finding none, the Court adopts that portion of the R & R.

8

> was asserting baseless trade dress claims against Madden. See Def. Memo, 7. In recommending dismissal of the first Kohl's amended complaint, Judge Brown urged Plaintiff to "carefully consider whether there is a good faith basis" to amend the complaint again "given the history of this matter before this Court and the USPTO." *Kohl's Corp.*, 2016 WL 929266, at *8. Nevertheless, Judge Brown recommended that Eliya be given leave to amend. See id. In so doing, Judge Brown determined that Plaintiff should be given the opportunity to "assert matters that were overlooked." Id. Thus, the Court does not find that dismissal of the Kohl's amended complaint, which alleged identical trade dresses as in this action, demonstrates that Eliya's claims were frivolous or objectively baseless, but rather that while Plaintiff's pleadings were initially inadequate to state a claim, there remained the possibility that a viable cause of action may yet exist and be properly pleaded in an amended complaint.
>
> Defendant supports its argument with inapposite cases, where the parties from whom attorneys' fees were sought relitigated issues that had already been decided. *See, e.g., TechRadium, Inc., v. FirstCall Network, Inc.,* No.13-cv-2641, 2015 WL 862326, at *6 (S.D. Tex. Feb. 27, 2015) (finding case exceptional where plaintiff "essentially relitigated arguments the court had previously clearly rejected"). Here, Eliya, with leave of the Court, amended its claims rather than merely relitigating arguments that had already been rejected. Plaintiff's decision to supplement and refine its claims is distinguishable from the mere repetition of previously dismissed causes of action that courts have determined demonstrate the frivolous or baseless nature of claims.

(DE 81 at 12-13.)

The foregoing also disposes of Madden's argument that the R&R "erroneously focused on the [USPTO's] rejections and failed to consider that Eliya unreasonably pressed on after the Kohl's decision." Judge Locke specifically concluded that Eliya's continuance of the instant action was reasonable as the dismissal of the amended complaint in Kohl's was based on inadequate allegations and there remained the possibility of a viable cause of action. This Court agrees.

Madden's final objection to the R&R is that it failed to address the specific holdings in *Kohl's* and in this case and how they establish Eliya's claims had no substantive strength. It is to that topic the Court now turns.

Initially, the Court notes that Defendant's assertion is incorrect. After setting forth the standard for an exceptional case and when a case lacks substantive strength, Judge Locke specifically concluded that "[d]espite Plaintiff's ultimate defeat" he did "not find that Eliya could not have reasonably expected success on the merits of its action against Defendant." (R&R at 10.)

Moreover, it is significant in this Court's view that Madden, having received two extensions of time to respond to the complaint, filed an answer to the initial complaint in this action, not a motion to dismiss, and in opposing Eliya's motion to amend the complaint did not argue that the amendment would be futile. Thus, it failed to take advantage of two opportunities to challenge what it now terms as claims with "no substantive strength."

Moreover, consideration is given to the fact that the litigants in two other cases, viz. *Corky's* and *Kohl's*, recognized the validity of Eliya's trade dress, the USPTO withdrew its finding of functionality, there was no prior decision by a court concerning the augmented description of Eliya's trade dress, and Eliya's made good faith arguments (albeit rejected ones) in support of its claim. Finally, give the foregoing it is not appropriate to fault Eliya for objecting to Judge Locke's recommendation on the motion to dismiss and appealing this Court's order dismissing this case. *Cf. Hockeyline, Inc. v. STATS LLC*, 2017 WL 1743022, at *2 (S.D.N.Y. apr. 27, 2017) (whether a case is exceptional turns on the "substantive strength of the party's litigating position . . . not on the correctness or eventual success of that position.")

In sum, Madden has not established its entitlement to fees.

## IV. The Report is Adopted

As the thorough, well-reasoned R&R of Judge Locke concludes, Eliya's claims did not lack substantive strength such that they were frivolous or objectively baseless and Eliya's litigation tactics do not make this case "exceptional."

## CONCLUSION

Having considered all the arguments raised by Defendant in its objections *de* novo and having reviewed the unobjected to portions of the R & R for clear error, the Court adopts Judge Locke's August 5, 2019 Report and Recommendation in its entirety. Accordingly, Defendant's motion for attorneys' fees is denied.

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2019                           /s/  Denis R. Hurley
                                             Denis R. Hurley
                                             United States District Judge